Price, C. J.
On or about' the 15th day of November, 1905, the plaintiff in error under the name of Fred Francis was arrested on a warrant issued by Charles G. Lakin, a justice of the peace, for unlawfully hunting", upon the premises — the farm land of Mary E. Pless — without the written permission of the owner-, or her authorized agent, to enter upon said lands and hunt game thereon. The affidavit on which the warrant issued charged Steele, alias Francis, with unlawfully going upon the lands with a shotgun for the purpose of hunting without the written permission of the owner or her agent, and that this was done in Franklin county, Ohio. The affidavit on which the warrant was issued was made by Bert Schoene, a game warden, and it was he who executed the writ and took the prisoner before said Lakin, who was a justice of the peace for Perry township in Franklin county. On being arraigned, the prisoner plead guilty to the charge, and the justice adjudged that he pay a fine of ten dollars and the costs,' taxed at $5.30, and in default of payment thereof, he be committed to the county jail one day for each one dollar of such fine and costs, or until otherwise released according to law.
The prisoner refused or was unable to pay the fine and costs and the justice committed him to the *378 county jail on a mittimus issued for that purpose, and on the i8th day of November, 1905, U. S. Morris presented to the court of common pleas his petition in which he alleged that said Charles Steele was being unlawfully restrained of his liberty and imprisoned by George J. Karb, sheriff of Franklin county. It was further alleged that the pretended cause of his imprisonment was by virtue of a pretended judgment rendered, or attempted to be rendered, by one Charles G. Lakin, a justice of the peace in and for Perry township, and that the commitment of said Charles Steele, under the assumed name of Fred Francis, was issued by said justice. The petition recites the commitment and then alleges that the justice had no jurisdiction to issue the warrant, render the judgment rendered, or make the order of commitment, because said Lakin, pretending to act as a justice of the peace in issuing said process, rendering the judgment and making said order, attempted to hold court and try the charges preferred against said Steele outside the limits of Perry township in said county, for which township he was elected justice of the peace.
A writ of habeas corpus was issued on the petition and the matter was heard on evidence, which developed the fact that the justice of the peace conducted the proceedings, took the plea of guilty and sentenced the prisoner while outside the boundaries of Perry township although within the boundaries of Franklin county.
It was claimed by the prosecution that when Steele was taken before the justice who was then outside of said township, that he consented to the *379 case being then and there disposed of and thus consented to jurisdiction being exercised outside óf Perry township.
The common pleas court held the proceedings void for want of jurisdiction and released the prisoner. The case was taken on error to the circuit court where the judgment of the common pleas was reversed. The case is here on error to reverse the judgment of the circuit court.
Which of the lower courts rendered the proper judgment? is the question presented in the record.
It is said by counsel for plaintiff in error, in terms of bitter complaint, that “Squire Lakin roamed at large over Franklin county in company with deputy game wardens, and held court wherever he happened to be in the county, it mattered not whether he was in the township for which he was elected or not. Whenever he was confronted with a game warden and a boy he proceeded to hold court, fine the defendant and usually imprison him * * Perhaps the justice believed he had legal authority for his course of conduct, or he may have desired to emulate the customs of the circuit-rider of the early times, who was inspired with a sense of duty to carry the divine message to the humblest cabin within his circuit. Or, this justice may have concluded to dispense justice or injustice in any part of his county in certain cases in conformity to an old notion that a broken law is best avenged by inflicting the punishment on the scene where the offense was committed. Whatever may have been the. prevailing motive, it seems to have been true in this case that he took the plea of guilty and sentenced the prisoner outside of *380 Perry township, which was the township of his 'residence and' where he was elected to that office. But is it a case of a migratory officer carrying his jurisdiction upon his person so that he could sit down as a court in any part of the county and there hear and determine a case like the one so conspicuous in the record?
Section 6io, Revised Statutes, provides: “Every justice of the peace shall be a conservator of the peace, and shall have jurisdiction in criminal cases throughout the county in which he is elected and where he resides, on view, or on sworn complaint, to cause every person charged with the commission of a felony or misdemeanor to be arrested and brought before himself, or some other justice of the peace, and on such person being brought before him, to inquire into the complaint, and either discharge or recognize to be and appear before the proper court at the time in such recognizance named, or otherwise dispose of the complaint as is provided by law * * *.”
As to the territorial jurisdiction the above is like that conferred by “An act defining the powers and duties of justices of the peace and constables in criminal cases,” which passed March 27, 1837, and took effect July 4, 1837. See S. & C. Statutes, p. 810. There it is said: “Every justice of the peace shall have jurisdiction in criminal cases throughout the county in which he was elected, and where he shall reside. And he shall be a conservator of the peace therein * * So it is, that the territorial extent of his jurisdiction has been of long standing in criminal cases, and then as now his warrant may command the ministerial *381 officer to arrest the accused party and bring him before the issuing justice, or some other in the county. Then as now he was a conservator of the peace throughout the county. There is no limitation as to where the examination or trial shall be held. No court house or fixed place of holding court is provided for such officers as a •general rule, and if the magistrate has jurisdiction of criminal cases throughout the county, he has jurisdiction of an offense or crime committed in any township in the county “in which he is elected and where he resides.” And on view or on sworn complaint while in any township, Section 610, supra, makes it the duty of the justice “to cause every person charged with the commission of a felony or misdemeanor to be arrested and brought before himself or some other justice,” et cetera.
In case such a magistrate, per chance or per purpose, is abroad from his own township but in the county where “he is elected and resides,” on view of the commission of a crime, he may cause the arrest of the perpetrator on such view, or on sworn complaint, and that he be brought before himself or some other justice of the peace. Must the magistrate return to the confines of his own township in order to try the accused party? The crime was committed in the county but outside of the township where the magistrate resides and where he was elected. Clearly he has jurisdiction over the crime or offense, because it was committed in his county, and it is equally clear that he can cause the arrest while outside of his own township but within the county. Having jurisdiction of the offense throughout the county and the right to *382 cause the arrest in the township where the same was committed, it seems reasonable that the trial, if one is had, or the plea of guilty taken, if such plea is offered, may be had or taken in the same township, and that, having taken jurisdiction of both the offense and the offender, the justice may there determine the case. Unless the statute requires it, it would be in the discretion of the justice to try the accused in the township where the offense was committed and the arrest made, or to return to and open court in his own township. The statute does not forbid him holding the trial outside of his own township. Having jurisdiction of crimes throughout the county, he may hear and determine as to them in any township in the county. There is some significance in the clause of the section (6io) which makes it the duty of the justice, “on view or on sworn complaint, to cause every person charged with the commission of a felony or misdemeanor, to be arrested and brought before himself, or some other justice of the peace * * What other justice of the. peace? It does not mean the other justice of the peace of his township, but as we construe the language, any other justice of the peace in the county where the offense was committed. In that casé1 such other justice may try and determine the guilt or innocence of the accused in his own township if he prefers so to do. Or, he may go to the township where the offense occurred, if the convenience of witnesses and parties would be promoted. In briefer words, if the justice has jurisdiction in criminal cases throughout the county as the statute provides, he has jurisdiction of the *383 criminals throughout the county. Commenting on the case of Stark v. Treat, decided by the circuit court of Cuyahoga county, reported in 6 C. C., N. S., 286, counsel for plaintiff in error says, that in that case the justice heard the evidence in Cleveland township in that county, but the judgment was entered on the docket in Brooklyn township where the justice resided. That was a civil action and involved the construction of Section 582, Revised Statutes, which is materially different from Section 610, supra. It would seem strange indeed if the justice may hear the evidence and arguments outside of his township, but must return home in order to express his opinion. Counsel urge that “Section 582 must be read in connection with Section 610 as also a prohibition in criminal as well as civil cases, and in fixing the situs within which the magistrate may hold court.”
Let us notice that section. It provides: “The jurisdiction of justices of the peace in civil actions, .lless otherwise directed by law, is limited to the township wherein they have been elected, and /wherein they reside; but no justice of the peace shall hold court outside the limits of the township for which he was elected.”
This is the law after the section was amended April 19, 1898. See 93 O. L., 146. *The last clause of the present section, to-wit: “But no justice of the peace shall hold court outside the limits of the township for which he was elected,” was added to the former language of the section, and so it has since remained.
That such restriction does not pertain to criminal cases is very apparent. The section itself con *384 fines the definition of jurisdiction to civil cases, and it may be reasonably surmised that prior to the foregoing amendment, the right to hold court in civil cases outside of the township for which the justice was elected, was claimed and to some extent practiced. To hedge against and settle all doubt upon the subject was the intent of the legislature in adding the clause just quoted. No such clause is found in Section 6io. The legislature in said Section 582 provides that “the jurisdiction of justices of the peace in civil cases, .unless otherwise directed by law, is limited to the township wherein they haAre been elected, and wherein they reside.” While by virtue of Section 610, they have jurisdiction in criminal cases throughout the county and there is no prohibition against holding criminal court outside of the township for which they were elected, and in which they reside. They have this jurisdiction throughout the county in which they are elected and where they reside. This is an old jurisdiction, as we have seen, and during the many years of its existence, the legislature has not seen fit to limit it as it has in civil cases, and we think this argues against the contention of the plaintiff in error.
The jurisdiction of the justice in the case before us is sought to be strengthened by the fact that: the accused, now plaintiff in error, consented to the charge against him being heard outside of Perry township. The record shows he plead guilty, but whether consent to a hearing outside the township for which the jurisdiction was elected would give jurisdiction, we need not determine, for *385 we place the jurisdiction on the broader grounds furnished by the statute.
• We therefore hold that this alleged omnipresent justice had jurisdiction to take the plea and impose the sentence found in the record.

Judgment affirmed.

Crew, Summers, Spear and Davis, JJ. concur.'